**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GREGORY HANCOCK, #72882**                                             **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 2:07cv24-MTP**

**LARRY T. DYKES, THOMAS EASON,**
**MAX DAVIS, CLARENCE H. HINTON, JR.,**
**AND KEVIN FLYNN**                                                   **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the court on a Motion to Dismiss, or in the Alternative, Motion to Quash [20] filed by defendants. Having reviewed the Motion, the responses and replies thereto, along with the documents made a part of the record in this case, the court finds that the motion should be granted in part and denied in part.

The present action was filed on February 7, 2007. On May 16, 2007, this court ordered [12] the clerk to issue summonses to the defendants, and directed the U.S. Marshal to serve them pursuant to 28 U.S.C. § 1915(d). Summonses were then issued to defendants, utilizing the information provided by plaintiff [13], and the U.S. Marshal sent the summonses by certified mail to defendants at the Jones County Adult Detention Center. On September 8, 2007, the summonses were signed for by someone at the Detention Center [19].[1] On October 10, 2007, the Process Receipt and Return for each summons was filed by the clerk, with the docket description indicates that the summonses had been returned executed. On October 10, 2007, defendants moved to dismiss, or in the alternative to quash, arguing that proper service had not been effected. Specifically, defendants submitted the affidavit of Judy Webb, a Co-Captain at the

---

[1] The summons for Mr. Eason apparently was not delivered, as the receipt indicates that it was not signed for.

Jones County Adult Detention Center, who avers that none of the defendants has an office at the Jones County Adult Detention Center or accepts service there, and that there is no one else at that address with authority to accept service on their behalf.

If proper service of process is not made within 120 days of filing a complaint, the court can dismiss an action without prejudice, or it can direct that service be effected within a specified time.  Fed. R. Civ. P. 4(m).  If plaintiff shows good cause, the court "shall extend the time for service for an appropriate period."[2]  *Id.*   In addition, special rules govern the procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*.  *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).  28 U.S.C. § 1915(c) states that "the officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."  *See also* Fed. R. Civ. P. 4(c)(2) ("At the request of the plaintiff ... the court may direct that service be effected by a United States marshal ... or other person or officer specially appointed by the court for that purpose.  Such an appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915...").  Thus, "[o]nce the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendant(s), 'Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that ... the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants....'"  *Lindsey*, 101 F.3d at 446 (citation omitted).  As recognized by defendants in their motion, plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be

---

[2] The United States Supreme Court and the Fifth Circuit have held that a court is permitted to extend the time for service even if no good cause is shown.  *Lindsey*, 101 F.3d at 446 n.2 (*citing Henderson v. U.S.*, 116 S.Ct. 1638, 1643 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

penalized for their failure to properly effect service, where such failure is not due to the dilatoriness or fault of the plaintiff. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, the court finds that the failure to properly effect service was not due to the dilatoriness or fault of the plaintiff. Rather, plaintiff provided the court with the information he possessed concerning the defendants, and the summonses were sent to defendants at the facility where they were reasonably believed to work. The process return was filed with the court indicating that process had been executed. It was not until the instant motion was filed that plaintiff had any reason to know that there was anything improper about the service of process. Accordingly, the court does not find that dismissal is the proper remedy and, therefore, that portion of defendants' motion should be denied. The court will grant defendants' motion to quash service of process and, further, will extend the time for service of process upon defendants for one-hundred and twenty (120) days from the date of this Order.

In addition, the address of defendant Dykes, as the Sheriff of Jones County, is a matter of public record. Accordingly, the court shall direct the clerk to re-issue service of process for Sheriff Dykes at his official address.

Accordingly, it is therefore, ORDERED that:

1.    Defendants'  Motion to Dismiss, or in the Alternative, Motion to Quash [20] is granted in part and denied in part. It is denied to the extent that it seeks dismissal of this action, but is granted to the extent that it seeks to quash service of process.

2.    Plaintiff's time for serving process on all defendants shall be extended for one-hundred and twenty (120) days from the date of this Order - until June 18, 2008.

3.    The United States District Clerk is hereby directed to issue summons to the

3

following Defendant:

> Larry Dykes, JCSO
> 419 Yates Avenue
> Laurel, MS 39441

The Clerk is directed to attach a copy of this Order to the Complaint [1] and Amended Complaint [11], and the United States Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).  Defendant shall file his answer or other responsive pleading in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.      Plaintiff shall attempt to determine the correct address(es) where the other defendants can be served with process, and shall provide the court with any new information he obtains.  It is the plaintiff's duty to provide the court with the proper addresses of the defendants, to ensure that they are properly served.  Any defendants who are not properly served within the 120-day period will be dismissed without prejudice from this action.

5.      Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

SO ORDERED this the 19th day of February, 2008.

> s/ Michael T. Parker
> _____
> United States Magistrate Judge

4