IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREGORY HANCOCK, #72882                                                          PLAINTIFF

VS.                                                      CIVIL ACTION NO. 2:07cv24-KS-MTP

LARRY T. DYKES, THOMAS EASON,
MAX DAVIS, CLARENCE H. HINTON, JR.,
JONES COUNTY SHERIFF'S DEPARTMENT,
KEVIN FLYNN AND JOHN DOES                                                       DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on a Motion to Dismiss [55] filed by defendant Larry Dykes, and a Motion to Dismiss, or in the Alternative, Motion to Quash [51] [52], filed by defendant Kevin Flynn. Having reviewed the entire record in this matter, the undersigned recommends that defendant Dykes' Motion to Dismiss [55] be granted and that he be dismissed without prejudice from this lawsuit and that defendant Flynn's Motion to Dismiss, or in the Alternative, Motion to Quash [51] [52] be denied.

**Procedural History**

On or about February 7, 2007, plaintiff Gregory Hancock , an inmate at South Mississippi Correctional Institution in Leakesville, Mississippi filed this *pro se* civil rights action alleging, *inter alia*, that in February 2004, while he was a pretrial detainee at Jones County Adult Detention Center in Laurel, Mississippi (the "Detention Center"), he was assaulted by defendants and placed in lockdown for seven months.

By Order [12] dated May 16, 2007, the court directed the clerk to issue summonses to the defendants, and directed the U.S. Marshal to serve them pursuant to 28 U.S.C. § 1915(d). Summonses were then issued to defendants, utilizing the addresses provided by plaintiff [13], and the U.S. Marshal sent the summonses by certified mail to defendants at the Detention Center. On September 8, 2007, the summonses were signed for by someone at the Detention Center [19].

The Process Receipt and Return for each summons was filed by the clerk, with the docket description indicating that the summonses had been returned executed. On October 10, 2007, defendants moved to dismiss, or in the alternative to quash [20], arguing that proper service had not, in fact, been effected. The basis for the motion was that none of the defendants has an office at the Detention Center or accepts service of process there, and there is no one else at that address with authority to accept service on their behalf. By Order [29] dated March 10, 2008, the motion to quash was granted, the motion to dismiss was denied, and plaintiff's time for serving process on all defendants was extended for 120 days - until July 10, 2008. Plaintiff was ordered to determine the correct addresses where defendants could be served with process and to provide the court with that information. In addition, because the address of defendant Dykes, as the Sheriff of Jones County, was a matter of public record, the court directed the clerk to re-issue service of process for Sheriff Dykes at his official address.

A summons was then issued for Mr. Dykes at his official address as provided by the court [31]. The U.S. Marshals attempted to serve Mr. Dykes on March 19, but process was returned unexecuted with the following notation: "Dykes no longer employed by Jones Co. S. O." [33] In a filing dated March 30, 2008 [32], plaintiff responded to the court's March 10, 2008 Order and provided addresses for all the defendants.[1] In a separate filing also dated March 30, 2008 [34], plaintiff provided a work address for defendant Flynn, in case it was needed for service of process.[2] However, at the time the omnibus hearing was held on August 15, 2008, no further summonses had been issued and the U.S. Marshals had not attempted to serve process on defendants again. Accordingly, in an Omnibus Order [44] dated August 18, 2008, the court extended plaintiff's time for serving process on all defendants for ninety (90) days (*i.e.*, until

---

[1] The address provided for defendant Dykes was a post office box in Laurel, Mississippi, and the address provided for defendant Flynn was apparently a home address in Brookhaven, Mississippi.

[2] The address provided was: Kevin Flynn (Investigator/Detective), Laurel Police Dept., Laurel, MS 39441.

November 18, 2008), and the clerk was directed to issue summonses to the defendants at the new addresses provided by plaintiff. Plaintiff was told that he should provide any additional addresses where defendants might be served within two weeks of the Order, and he was warned that any defendants who were not properly served within the next ninety (90) days could be dismissed without prejudice from this action.

Subsequently, the U.S. Marshals attempted to serve the new summonses [45] on defendants on August 29, 2008. The Process Receipt and Returns filed by the U.S. Marshals (on November 10, 2008) indicated that Kevin Flynn was served on September 3, 2008 at the Brookhaven address provided by plaintiff [49], and the Marshals attempted service on Sheriff Dykes on August 29, 2008 but were unable to serve him at the post office box that had been provided by plaintiff [48]. On September 3, 2008, plaintiff moved for an extension of time [46], requesting that the court grant him until September 12, 2008 to obtain a home address for Sheriff Dykes, in case he could not be served at the address plaintiff had previously provided. In that motion, plaintiff also stated that Kevin Flynn could be served at the Laurel City Police Department (where, according to plaintiff, he is an investigator), if he could not be served at the home address previously provided by plaintiff. By Text Order dated September 9, 2008, the court granted plaintiff's motion [46] and gave him until September 12, 2008 to provide the court with defendant Dykes' home address, as well as any additional addresses for the other defendants.

Plaintiff failed to provide defendant Dykes' address or otherwise respond to the court's September 9, 2008 text order. On September 10, 2008, the court received a letter [47] from Mr. Flynn who stated that he was not the person named in the complaint, that he had never been employed in law enforcement in Mississippi and he had never worked or lived in Jones County. Thus, neither defendant Dykes nor defendant Flynn have been served with process.[3]

---

[3] Defendants Thomas Eason, Max Davis, and Clarence Hinton were properly served with process [48] and have answered [50] the complaint.

3

**Analysis**

If proper service of process is not made within 120 days of filing a complaint, the court can dismiss an action without prejudice, or it can direct that service be effected within a specified time. Fed. R. Civ. P. 4(m). If plaintiff shows good cause, the court "shall extend the time for service for an appropriate period."[4] *Id.* In addition, special rules govern the procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). 28 U.S.C. § 1915(c) states that "the officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases." *See also* Fed. R. Civ. P. 4(c)(2) ("At the request of the plaintiff ... the court may direct that service be effected by a United States marshal ... or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915..."). Thus, "[o]nce the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendant(s), 'Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that ... the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants....'" *Lindsey*, 101 F.3d at 446 (citation omitted). As recognized by defendants in their motion, a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for their failure to properly effect service, where such failure is not due to the dilatoriness or fault of the plaintiff. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them. *Verrette v. Majors*, 2008 WL 4793197, at * 2 (W.D. La. Oct. 31, 2008) (*citing Rochon*, 828 F.2d at 1110).

---

[4] The United States Supreme Court and the Fifth Circuit have held that a court is permitted to extend the time for service even if no good cause is shown. *Lindsey*, 101 F.3d at 446 n.2 (*citing Henderson v. U.S.*, 116 S.Ct. 1638, 1643 (1996); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

The court finds that defendant Dykes should be dismissed from this action. It has been nearly two years since this action was filed and he still has not been served with process. As noted *supra*, summonses were first issued in this case in May 2007, and thereafter were issued again more than a year later in August 2008. Plaintiff has been given two extensions of time to serve process and has been afforded ample opportunity to provide the court with an alternative address for Mr. Dykes. Most recently, plaintiff has failed to comply with the court's September 9, 2008 Order to provide a new address for Mr. Dykes. Indeed, plaintiff has failed to even respond to defendant Dykes' motion.[5] Plaintiff has been warned that his failure to timely serve process could result in the dismissal of any un-served defendants. Accordingly, the court finds that defendant Dykes should be dismissed without prejudice pursuant to Rule 4.

With respect to defendant Flynn, the situation is somewhat different. As noted *supra*, plaintiff previously provided a work address for defendant Flynn,[6] in case it was needed for service of process [34]. However, no summons has ever been issued by the court for that address. Accordingly, defendant Flynn's motion should be denied, and plaintiff should be given a final extension of time, during which service can be re-issued for Mr. Flynn at the work address provided by plaintiff and the marshals can attempt to serve him there.[7]

**Recommendation**

For the reasons stated above, it is the recommendation of this court that defendant Dykes' Motion to Dismiss [55] be granted and that he be dismissed without prejudice from this lawsuit and that defendant Flynn's Motion to Dismiss, or in the Alternative, Motion to Quash [51] [52] be denied.

---

[5] The court notes that plaintiff has, however, filed two additional documents with the court [56][57] since defendant Dykes' motion was filed

[6] Although plaintiff has not provided a street address, it is a matter of public record where the Laurel Police Department is located.

[7] By separate Order, the court will direct the clerk to issue a summons to Mr. Flynn at the work address provided by plaintiff.

5

It is further the recommendation of this court that plaintiff's deadline for serving process be extended one final time - for thirty (30) days - so that defendant Flynn can be properly served.

Plaintiff should be reminded that it is his duty to provide the court with the proper addresses of the defendants, to ensure that they are properly served, and that if Mr. Flynn is not properly served within the next thirty (30) days, he may be dismissed without prejudice from this action.

**Notice of Right to Object**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of December, 2008.

                                                    s/ Michael T. Parker
                                                  United States Magistrate Judge