**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GREGORY HANCOCK, #72882**                                                                    **PLAINTIFF**

**V.**                                                                         **CIVIL ACTION NO. 2:07cv24-MTP**

**LARRY T. DYKES, THOMAS EASON,
MAX DAVIS, CLARENCE H. HINTON, JR.,
AND KEVIN FLYNN**                                                                  **DEFENDANTS**

<u>ORDER</u>

THIS MATTER is before the court upon the filing by Defendants of a Motion for Reconsideration [75] and a Motion for *In Camera* Hearing [76]. Having reviewed the motions and Plaintiff's Response [78], the court finds that the motions should be granted in part and denied in part, as set forth below.

In the motions, Defendants request that the court reconsider the provision of its Discovery and Scheduling Order [69] requiring Defendants to produce to Plaintiff "log book entries showing the movement of Plaintiff into and out of his cell at the Jones County Adult Detention Center in Laurel, Mississippi (the "Jail") during the relevant time period (February 2004 through February 2005). In the alternative, Defendants request that the court conduct an *in camera* inspection of the documents in question, and have provided a copy of the documents to the court. In support of their motions, Defendants argue that production of the log books would implicate security concerns, as the entries in the books reveal certain patterns relating to security measures and the movement of prisoners other than Plaintiff. In response, Plaintiff argues that Defendants can simply redact any items of concern.

As the documents in question are quite voluminous, it would be extremely burdensome for Defendants to redact them. Moreover, it does not appear that redaction would eliminate all of

Defendants' security concerns. Accordingly, the court finds it appropriate instead for Defendants to prepare a summary or listing of Plaintiff's movements into and out of his jail cell during the relevant time period (February 2004 through February 2005). Defendants shall, within ten (10) days, produce this summary to the court for its review and, if the court deems the summary to be sufficient, it shall order Defendants to produce it to Plaintiff.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT Defendants' Motion for Reconsideration [75] and Motion for *In Camera* Hearing [76] are granted in part and denied in part, as set forth *supra*.

IT IS FURTHER ORDERED THAT Defendants shall produce to the court, within ten (10) days, a summary document setting forth Plaintiff's movements into and out of his jail cell during the relevant time period.

SO ORDERED on this, the 13th day of April, 2009.

s/ Michael T. Parker  
United States Magistrate Judge