# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GREGORY HANCOCK, #72882**                                                                 **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 2:07cv24-MTP**

**LARRY T. DYKES, THOMAS EASON,**
**MAX DAVIS, CLARENCE H. HINTON, JR.,**
**AND KEVIN FLYNN**                                                                         **DEFENDANTS**

## ORDER

THIS MATTER is before the court on a Motion for Reconsideration or, in the Alternative, In Camera Inspection [75] filed by Defendants, a Motion to Compel Discovery [80] filed by Plaintiff, and a Motion for Additional Discovery [83] filed by Plaintiff. Having reviewed the submissions of the parties and the entire record in this matter, the court hereby finds and orders as follows:

    1.    The Motion to Compel Discovery [80] is denied. In the motion, Plaintiff argues that Defendants have not produced to him all of the documents previously ordered by the court.[1] However, in their Response [82] to the motion, Defendants aver that they have produced to Plaintiff all of the documents responsive to Plaintiff's request at the omnibus hearing. Accordingly, the Motion to Compel Discovery [80] is denied.

    2.    The Motion for Additional Discovery [83] is denied. Plaintiff requests permission to

---

[1] In a Discovery and Scheduling Order [69] filed on February 17, 2009, the court ordered that Defendants produce the following documents to Plaintiff (as requested by Plaintiff at an omnibus hearing held on August 15, 2008): log book entries showing the movement of Plaintiff into and out of his cell at the Jones County Adult Detention Center in Laurel, Mississippi (the "Jail") during the relevant time period (February 2004 through February 2005); policies at the Jail regarding urinalysis tests; policies at the Jail regarding how disciplinary classifications are made; policies at the Jail regarding the filing and handling of Rule Violation Reports; and any of Plaintiff's medical records maintained by the Jail.

propound interrogatories to Defendant, arguing that they are necessary for him to prove his claims. However, at an omnibus hearing held on August 15, 2008, Plaintiff was provided with an opportunity to request discovery from Defendants. Plaintiff did so, and as noted *supra*, various documents were subsequently ordered to be produced to Plaintiff. In its Discovery and Scheduling Order [69] granting Plaintiff's discovery requests, the court stated: "The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation." In the instant motion, which comes only three weeks before the dispositive motions deadline, Plaintiff has failed to explain why he could not have requested these interrogatories earlier. The court finds that the motion is untimely and, therefore, it is denied.

3. Finally, the court shall address the parties' dispute over certain log books ordered by the court to be produced by Defendants. Specifically, in its Discovery and Scheduling Order [69], the court required Defendants to produce to Plaintiff log book entries showing the movement of Plaintiff into and out of his cell at the Jail during the relevant time period. On April 1, 2009, Defendants filed a Motion for Reconsideration or, in the Alternative, In Camera Inspection [75], arguing that production of the log books would implicate security concerns, as the entries in the books reveal certain patterns relating to security measures and the movement of prisoners other than Plaintiff. Defendants produced the log books to the court for an in camera inspection. Upon review of the log books, the court found that they were quite voluminous and, therefore, it would be extremely burdensome for Defendants to redact them, and that redaction would not eliminate all of Defendants' legitimate security concerns. Accordingly, the court ordered [81] Defendants to prepare a summary or listing of Plaintiff's movements into and out of

his jail cell during the relevant time period and to produce it to the court for its review. Defendants have now produced the summary to the court. Having reviewed the summary, the court finds that it is an adequate substitute for the logbooks, as it provides Plaintiff with the information he is seeking, while at the same time it alleviates Defendants' legitimate security concerns. Accordingly, Defendants shall produce the summary, rather than the logbooks, to Plaintiff within five (5) days.

        SO ORDERED on this, the 27th day of April, 2009.

        s/ Michael T. Parker
        United States Magistrate Judge