**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GREGORY HANCOCK, #72882**                                                                                       **PLAINTIFF**

**V.**                                                                                     **CIVIL ACTION NO. 2:07cv24-MTP**

**LARRY T. DYKES, THOMAS EASON,**
**MAX DAVIS, CLARENCE H. HINTON, JR.,**
**AND KEVIN FLYNN**                                                                                       **DEFENDANTS**

<u>ORDER</u>

THIS MATTER is before the court on a Motion for Reconsideration [88] filed by Plaintiff and a Motion to Strike [97] portions of the Motion for Reconsideration. Having reviewed the submissions of the parties and the entire record in this matter, the court finds that both motions should be denied.

In the Motion for Reconsideration, Plaintiff asks the court to reconsider its Order [84] denying Plaintiff's Motion to Compel [80]. That Order was based upon Defendants' representation in their Response [82] to the Motion to Compel that they have produced to Plaintiff all of the documents responsive to Plaintiff's request at the omnibus hearing.[1] However, Plaintiff argued in his Reply [85][2] that Defendants have not produced to him all of his medical

---

[1] In a Discovery and Scheduling Order [69] filed on February 17, 2009, the court ordered that Defendants produce the following documents to Plaintiff (as requested by Plaintiff at an omnibus hearing held on August 15, 2008): log book entries showing the movement of Plaintiff into and out of his cell at the Jones County Adult Detention Center in Laurel, Mississippi (the "Jail") during the relevant time period (February 2004 through February 2005); policies at the Jail regarding urinalysis tests; policies at the Jail regarding how disciplinary classifications are made; policies at the Jail regarding the filing and handling of Rule Violation Reports; and any of Plaintiff's medical records maintained by the Jail.

[2] Plaintiff's Reply [85] was received by the court on April 30, 2009, after it had already entered its April 27, 2009 Order [84] denying Plaintiff's Motion to Compel. Plaintiff avers that the delay in filing his reply was due to the fact that he was in transport for several days between MDOC facilities.

records in their possession. He claims that the only medical records that have been produced to him are a "1 page intake slip from a prior charge" (*see* Exh. A to Motion to Compel) and a copy of a medical report from an outside psychologist relating to another lawsuit involving Plaintiff. Plaintiff avers that he has reason to believe that he has a medical file at the Jail and that the Defendants are deliberately withholding it from him. In their Response [96] to Plaintiff's Motion for Reconsideration, Defendants again emphatically state that they "have submitted all medical documentation in their possession" and aver that they have even produced to Plaintiff "materials admittedly already in the possession of the Plaintiff, which were previously put forth in a former claim." Accordingly, the court finds that Plaintiff's Motion for Reconsideration should be denied.

Defendants have also moved to strike [97] certain portions of Plaintiff's Motion for Reconsideration, pursuant to Fed. R. Civ. P. 12(f),[3] alleging that "there are multiple instances of name calling, accusations of irrelevant and prejudicial conduct, repetition of innuendo and outright unfounded allegations which are inflammatory, prejudicial and scandalous." The court does not deem it necessary to strike the objectionable paragraphs. Nevertheless, in light of the concerns expressed by Defendants in their motion, the court shall caution Plaintiff that his *pro se* status does not relieve him of the requirements of Rule 11 of the Federal Rules of Civil Procedure, which provides that by presenting a pleading, motion or other paper to the court, an attorney or unrepresented party certifies, *inter alia*, that it is not being presented to harass, cause unnecessary delay or costs; and that all claims and contentions are supported by law or fact.

---

[3] "The court may strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter."

"While the district court is obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct ... On the contrary, Rule 11 as then in force, mandated that such activity be punished regardless of its source, and Congress specifically amended the rule in 1983 to include pro se litigants." *Knighten v. Cave & McKay*, 32 F.3d 566, at * 3 (5th Cir. 1994). Should Plaintiff fail to abide by the requirements of Rule 11, he may be subject to sanctions which may include the dismissal of his claims.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reconsideration [88] is denied and Defendants' Motion to Strike [97] is denied.

SO ORDERED on this, the 5th day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge