IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREGORY HANCOCK, #72882                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 2:07cv24-MTP

LARRY T. DYKES, THOMAS EASON,
MAX DAVIS, CLARENCE H. HINTON, JR.,
AND KEVIN FLYNN                                                     DEFENDANTS

## **ORDER**

THIS MATTER is before the court on Plaintiff's Motion for Reconsideration [111]. The court, having considered the motion and the applicable law, finds that the Motion [111] should be DENIED.

Plaintiff filed his Motion for Reconsideration [111] on or about July 6, 2009, asking the court to reconsider its previous Order [61] denying his Motion for Appointment of Counsel [57]. Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. June 20, 2007) (*quoting Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at * 1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, 2000 WL 1349184, at * 3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is

allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at * 2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at * 3.

As noted by the court in its previous Order [61], "[t]he issues in this case are not complex; rather, this case presents the types of issues litigated regularly in this court by *pro se* prisoner plaintiffs." Moreover, "plaintiff's pleadings to date have been well presented and it is clear that he is able to communicate his position to the court." In the instant motion, Plaintiff does not provide the court with any reason why the court should re-visit that Order, arguing only that "he is confused on what or how to file motions" and is "afraid that due to his lack of knowledge he may not file motions at this point in a correct manner." This does not justify the granting of Plaintiff's motion.[1] Plaintiff has filed numerous pleadings and the court has afforded them liberal construction.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reconsideration [111] is denied.

---

[1] Moreover, the court notes that the dispositive motions deadline expired on May 25, 2009.

SO ORDERED this the 7th day of July, 2009.

s/ Michael T. Parker  
United States Magistrate Judge